Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

STACEY PARSON,

      Plaintiff,

v.

HOME DEPOT USA, INC., a corporation

      Defendant.

Civil Action No. 13-4817

MEMORANDUM OPINION AND ORDER

**CLARK, Magistrate Judge**

This matter comes before this Court upon motion by Plaintiff Stacey Parson ("Plaintiff"). Plaintiff seeks leave to amend the Complaint to add additional claims against Defendant, Home Depot USA, Inc. ("Defendant") and to add a non-diverse individual defendant. *See* Docket Entry No. 7. As a result of the non-diverse joinder, Plaintiff also seeks to have the Court remand the action back to state court. Defendant opposes the motion on grounds that the amendments are futile and the joinder is designed to defeat diversity. Docket Entry No. 8. The Court considers the arguments of the parties without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion is DENIED.

**I. Background and Procedural History[1]**

In the underlying action, Plaintiff states that he was employed at Defendant's Hackensack store for approximately 13 years. *See* Amended Complaint ¶4 ("Amend. Compl.") at Docket Entry No. 7-3. During the course of his employment, Plaintiff became acquainted with a co-worker, Dawn Wetterhahn. *Id.* On or about January 7, 2013, Wetterhahn told Plaintiff that

---

[1] For purposes of this application, the Court accepts all facts in the proposed amended complaint as true. <u>Travelers Indemn. Co. v. Dammann & Co., Inc.</u>, 592 F. Supp. 2d 752 (D.N.J. 2008).

Wetterhahn was involved in a dispute with Assistant Store Manager Chris Grasso ("Grasso"). *Id.* ¶ 5. Later that day, two workers from a different Home Depot location were in the Hackensack store with Plaintiff and told him that Grasso had told them that Wetterhahn was about to be fired. *Id.* Plaintiff reported the statements to a human resources manager at that time. *Id.* ¶ 7. Plaintiff complained about the conduct, believing that Grasso had violated Defendant's Code of Ethics in telling the other employees of Wetterhahn's termination. *Id.* ¶¶ 6 & 7. Eight days later, Plaintiff was terminated from his employment at Defendant's store. *Id.* ¶ 8.

Plaintiff initiated his suit on July 1, 2013 in the Superior Court of New Jersey, Law Division, Bergen County, naming Home Depot as the sole defendant and alleging that Defendant was unjustly terminated Plaintiff in violation of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq.* ("CEPA"). *See* Notice of Removal at 8; Docket Entry No. 1. Defendant removed the matter to this Court on the basis of diversity jurisdiction on August 12, 2013. *Id.*

On September 12, 2013, Plaintiff filed the instant motion to amend the complaint and remand this case to state court. *See* Docket Entry No. 7. Plaintiff wants to add Grasso as a named defendant, alleging Grasso retaliated against him for Plaintiff's complaints and seeking to hold Grasso liable for tortious interference in the economic relationship between Plaintiff and Defendant Home Depot. *See* Amend. Compl., Fourth Count ¶ 1. As a result of adding Grasso, Plaintiff further seeks to have the Court remand the case to state court. *See* Plaintiff's Counsel Affidavit ¶ 5 ("Pl.'s Aff."); Docket Entry No. 7. Plaintiff also seeks to add two claims against Defendant Home Depot as alternatives to his CEPA-based claim: first, a breach of ethical conduct and retaliatory conduct claim, and second, a breach of the covenant of good faith and

fair dealing claim.  *See* Amend. Compl., Second Count ¶1 and Third Count, ¶1.  Defendant

opposes this motion on the grounds that the amendment was intended to strip this Court of

subject matter jurisdiction and that the proposed new claims are futile.

## II. Standard

Under Rule 15(a)(2), a party may amend its pleading with leave of court and the court

"should freely give leave when justice so requires."  *Id.*  The Third Circuit has taken a liberal

approach to allowing amendments under this rule so that claims may be decided on the merits

and not on any technicality.  *WHY ASAP, LLC v. Compact Power*, 461 F. Supp. 2d 308, 311

(D.N.J. 2006) (citing *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990)).  Absent

"undue delay, bad faith, dilatory motive, unfair prejudice, or futility or amendment," the court

should grant leave to amend.  *WHY ASAP*, 461 F. Supp. 2d at 311 (citing *Grayson v. Mayview

State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)).

An amendment is futile when it fails to state a claim upon which relief may be granted.

*See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  The standard

of review for futility is therefore the same as that for a motion to dismiss under Fed. R. Civ. P.

12(b)(6).  *See id.*

When faced with a motion to dismiss for failure to state a claim, the court conducts a

two-step analysis.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  First, the

factual elements are separated from the legal elements of the claim.  *Fowler*, 578 F.3d at 210-11.

The court must accept the factual elements alleged in the well-pleaded complaint as true, but

may disregard any legal conclusions.  *Id.*

Second, the court must determine if the facts alleged are sufficient to show a "plausible

claim for relief."  *Fowler*, 578 F.3d at 210 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1955

(2009)).  A plausible claim is one which "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler*, 578 F.3d at 210-11 (quoting *Iqbal*, 129 S. Ct. at 1948).  "Ultimately, this two-part analysis is 'context-specific' and requires the court to draw on 'its judicial experience and common sense' to determine if the facts pled in the complaint have 'nudged [plaintiff's] claims' over the line from '[merely] conceivable or [possible] to plausible.'" *Hobson v. St. Luke's Hospital and Health Network*, 735 F. Supp. 2d 206, 211 (E.D. Pa. 2010) (quoting *Fowler*, 578 F.3d at 211-12).

Where a party seeks to add a non-diverse defendant in a removal action, courts may permit joinder despite the fact that the amendment will defeat diversity and require remand.  *See* 28 U.S.C. § 1447(e).  Courts, however, must take a careful look at the reasons behind such motions to amend and will deny the motion if the intent is only to strip the Court of jurisdiction. *See City of Perth Amboy v. Safeco. Ins. Co. of America*, 539 F. Supp. 2d 742, 746 (D.N.J. 2008). In the Third Circuit, district courts adopted the factors announced by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), to weigh the moving party's intent in making the motion to join a non-diverse party.  *See City of Perth Amboy,* 539 F. Supp. 2d at 746.  The *Hensgens* factors are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for an amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities.  *Hensgens*, 833 F.2d at 1182.

## III. Discussion

### A.  Claims against Chris Grasso

Defendant opposes Plaintiff's motion to add Grasso because it is made only to defeat diversity.  *See* Defendant's Brief in Opposition at 4 ("Def.'s Opp."), Docket Entry No. 8.

Defendant argues that Plaintiff's explanation of a simple oversight is pretext and that the *Hensgens* factors weigh in favor of denying the amendment. *Id.* at 6-7.

The Court agrees with Defendant and finds the *Hensgens* factors counsel against allowing the proposed amendment. Of particular weight here is Plaintiff's purpose of the amendment. In instances where a plaintiff knows of a defendant's activities but chooses not to include him, courts will deny the late attempt to join, viewing the late addition as "nothing more than an attempt to destroy diversity." *See Salamore v. Carter's Retail, Inc.*, No. 095856, 2010 WL 762192, at *2 (D.N.J. Mar. 5, 2010) (citing *Norplant Contraceptives Prod. Liab. Litig.*, 898 F. Supp. 429, 431). Here, it appears that Plaintiff's intent is primarily to defeat diversity. Grasso was referred to several times in the original complaint and his role in Plaintiff's allegations was made clear at that time. Plaintiff has not provided any new information to further clarify his conduct or to change the scope of his participation. Plaintiff's only excuse for the omission is simple oversight.

The Court further finds that Plaintiff's timing of the motion also evidences both a purpose of defeating diversity and a delay in seeking the amendment. Plaintiff filed his motion more than 30 days after removal, the normal time period for filing a motion for remand following removal, but before discovery started. No discovery was exchanged between the parties and no new facts were alleged. The lack of new facts leans toward the purpose of defeating diversity. Moreover, the delay goes to the second *Hensgens* factor of whether Plaintiff is dilatory in seeking an amendment. In *Salamone,* the plaintiff's actions were seen as dilatory because the plaintiff waited 37 days to file his motion to amend after the defendant's removal to federal court. *Salamore,* 2010 WL 762192, at *2 (D.N.J. March 5, 2010). Here, Plaintiff waited a similar period of time, over 30 days, to file his motion to amend, and did not give a reason for the delay

other than oversight. Given these considerations, this Court finds that the *Hensgens* factors weigh against permitting an amendment to Plaintiff's complaint to add Grasso as a defendant. Thus, the Court denies Plaintiff's motion to amend to join Chris Grasso.

Additionally, Defendant argues in the alternative that Plaintiff's motion to add Grasso is futile. *See* Def.'s Opp. at 13. Plaintiff seeks to hold Grasso liable for tortious interference with his economic relationship to Defendant. Tortious interference requires a "meddling into the affairs" of another by someone not a party to the contract. *Cappiello v. Ragen Precision Indus., Inc.*, 192 N.J. Super. 523, 529 (App. Div. 1994). Claims against the employer's supervisory employees will fail as supervisors are agents of the corporation. *See Fregara v. Jet Aviation Business Jets*, 764 F. Supp. 940, 955 (D.N.J. 1991) (citing *Meyer v. Bell & Howard Co.*, 453 F. Supp. 801, 802 (E.D. Mo. 1978) ("A corporation can only act through its agents…employees who have the authority to hire and fire plaintiff…would reasonably be considered parties to the contract."). Here, Plaintiff alleges that Chris Grasso is employed as an assistant store manager at Defendant's business with the power to hire and fire employees. As one of Defendant's agents, Chris Grasso would reasonably be considered a party to Plaintiff's employment contract. Therefore, an action of tortious interference cannot be brought against Grasso and amending the complaint to include such a claim would be futile.

### B.  Claims against Home Depot

Plaintiff seeks to add two claims against Home Depot as alternatives to his CEPA-based causes of action: breach of ethical conduct and retaliatory conduct and breach of the covenant of good faith and fair dealing. Defendant argues that Plaintiff has waived both common law claims against Defendant as a function of CEPA. *See* Def.'s Opp. at 14.

The Court does find that Plaintiff has waived his claims of breach of ethical conduct and

retaliatory conduct and breach of the covenant of good faith and fair dealing. Pursuant to N.J.S.A. 34:19-8, when a plaintiff elects to proceed under CEPA, he or she agrees to a "waiver of the rights and remedies available under any other contract, collective bargaining agreement, State law, rule or regulation or under the common law" for all claims based on the same set of facts on which the CEPA claim lies. *Id; Young v. Schering Corp.,* 141 N.J. 16, 29 (1995). Thus any claims sounding in the listed sources and based on the retaliatory conduct at issue are barred, as are all parallel claims, due to their duplicative nature. *See Young, 141 N.J. at 29.* Here, Plaintiff's common law retaliation claim and breach of implied covenant of good faith and fair dealing claim would employ the same facts that would be necessary to support the CEPA claim and are thus duplicative. *See* Amend. Compl. ¶¶1-11. Therefore, these claims are waived and Plaintiff's proposed amendment is futile.

## IV. Conclusion

As set forth above, the Court denies Plaintiff's Motion to Amend to add Chris Grasso as it appears his joinder is for the purpose of defeating diversity. Furthermore, Plaintiff's proposed claim against Grasso is futile. The Court also denies Plaintiff's motion to add additional claims against Defendant Home Depot as Plaintiff waived the claims when he filed his action pursuant to CEPA. In light of the foregoing, Plaintiff's motion to amend is denied.

For the reasons stated above,

**IT IS** on this **13**th day of **December, 2013**,

**ORDERED** that Plaintiff's Motion to Amend is **DENIED**; and it is further

**ORDERED** that the Clerk's Office is to terminate the motion at Docket Entry No. 7.

_s/ James B. Clark, III_
**JAMES B. CLARK, III**
**United States Magistrate Judge**